**UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00179 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROBERT L. BOOKER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On October 22, 2019, Defendant Robert L. Booker ("Booker") filed a "Request for Nunc Pro Tunc Order" (Record Document 63) with the Clerk of Court requesting that he have the time he spent in federal custody between July 15, 2013 to April 16, 2014 credited to the sentence he is currently serving in the Bureau of Prisons ("BOP").

The Court agrees with Booker that it appears he should receive credit on his federal sentence for the time period in question. See 18 U.S.C. § 3585(b) (A defendant is credited for "any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.")

However, the Court has no authority to grant Booker the relief he requests. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. See United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354–55 (1992). After exhaustion

of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

In this case, Booker has made no showing that he has exhausted his administrative remedies through the BOP. Additionally, Booker is currently incarcerated in Fort Worth, Texas which is not located in the Western District of Louisiana. Accordingly,

**IT IS ORDERED** that Plaintiffs' "Request for Nunc Pro Tunc Order" (Record Document 63), which this Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, is **DENIED** and **DISMISSED WITHOUT PREJUDICE** to his right to re-file in the proper court after he has exhausted his administrative remedies with the BOP.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 13th day of November, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT